Anthony Norman
# 1718789 / WYNNE
810 Fm 2821
Huntsville, Tx 77349
76,389

Hon. Justice Elsa Alcala

Texas Court of Criminal Appeals

P.O. Box 12308

Austin, Tx 78711-2308

This document contains some pages that are of poor quality at the time of imaging.

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 08 2015

Abel Acosta, Clerk

08/25/2015

Re: WR-76,389-08  11.07 Writ of Habeas Corpus

Dear Justice Alcala,

Today I received a white card indicating the T.C.C.A will not conduct a hearing in my case. The white card states the ruling is based on the trial court's finding of facts. However in my case no facts related to my claims were adduced by the trial court. The trial court simply adopted a one sentence general denial from the District Attorney's office asserting that even if my claims were true that I would not be entitled to relief. That is a very ~~whit~~ wild statement considering (101) claims were raised including (83) claims of Ineffective Assistance of Counsel (most involving failure to object to closing argument that was clearly out side of the trial record, (3) Brady Violations where Exculpatory information was hidden/ suppressed, (1) claim of ACTUAL INNOCENCE, (1) NO EVIDENCE CLAIM, (2) INCURABLE ARGUMENT CLAIMS,

1 of 4

(4) Prosecutorial Misconduct Claims, (3) Judicial Violation Claims, etc.... The fact that a hearing was never conducted to even have my trial, or appellate attorney's comments on why they did, or did not do what they were legally required to do rings of a failure to actually consider the merits of the case at all. At the very least my ACTUAL INNOCENCE CLAIM should have been afforded a fair hearing since I have provided the affidavits multiple times to the District Court, and T.C.C.A.

All that being said I am disappointed in the handling of this case, and would humbly request you, or other members of the T.C.C.A. provide for a re-hearing. Most if not all of the challenged statements are in the application itself. I feel I have not been given a legitimate review by the Court. Adopting the opinion of a Judge whose conduct is the very thing that is being challenged with out ANY meaningful input or statements is not a review.

Texas Rules of Civil Procedure Rule 216 provided for Judge Bradley independently to stop the misconduct which occured all through my trial and especially during closing arguments. Per T.R.A.P Rule(s) 79.1, 79.2 I am aware I can not ask for a re-hearing directly, but I think given

the circumstances, and the overwhelming amount of evidence that it is appropriate. That being the case I am asking for Your oversight in this matter. From my reading a member of the court can request a re-hearing. People in this state should not be convicted for crimes which did not occur, nor which they could not have possibly committed. I don't have an invisible car that drives 650 mph. People in this state should not be Bullied into submission just because they have friends in the District Attorneys office. Right is Right, and Wrong is Wrong.

Thank you,

Anthony Norman

P.S. It is really a shame to me that when a person is really innocent certain groups try to protect themselves by attempting to highjack the judicial process. The attorneys in this case don't even work for the D.A's office any more. They don't even appear to be practicing Law. There is overwhelming evidence of my innocence. This is not even a close case. I have a family, kids, and a life I would like to get back to before it is gone. 6 years have already been taken for nothing.

By the way:

In the context of a ruling it is not clear who made it, or signed off. I am sure they were aware there is a pending cause of action in the United States Supreme Court challenging Brooks v. State, 323. S.W. 3d 893 naming Sharon keller as the respondent: Anthony Whitney Norman v. Texas Court of Criminal Appeals, ETAL from U.S.D.C. 4:14-cv-74. It appears the S.Ct. is preparing to grant certioria. The fact that the T.C.C.A has passed on yet another opportunity to restore a criminal defendant's right to appellate review via Factual Review is wrong. This 11.07 raised the issue again, and is exactly the type of case the law, and the constitution were created to address.

I will not stop untill I get a fair review of this case. It would appear the T.C.C.A is trying to bury any and all issues raised in this case under a deep rock in a hole out of sight. The case had been sitting in Austin since 4/23/2015, and was decided by refusing to decide 08/19/2015.

# AFFIDAVIT OF FACT

I, Emily Elizabeth Norman, do hereby make the following statements under penalty of perjury.

(1) On the weekend of 11/28/2008 I was at home with my mother, Leydis Viche' Hernàndez, and my new baby brother, John Anthony Norman.

(2) My father, Anthony Whitney Norman, had left home on Friday afternoon, 11/28/2008, with my other brother, Michael Antonio Norman.

(3) I believe they went to Dallas.

(4) Over the weekend, I went for walks with my mother and watched her speak to the neighbors across the street.

(5) At night on Sunday through Monday, my mother told me to take a nap for a few hours. Later I heard a loud noise. I was upstairs.

(6) I came down stairs to see what was happening. Then, I saw Mommy on the floor dead and a gun.

(7) My daddy was not at home, and I ran upstairs and hid in my mommy's and daddy's bed.

(8) When my daddy came back, he called me to come to him, so I did.

(9) My daddy called the police, and when they came, they asked me a bunch of questions.

(10) Then I had to get in the ambulance.

(11) Then I rode back to my Grandmother's house.

(12) Then my cousin came and a policeman came, then the policeman took me and my brother, Michael to CPS along with my cousin.

(13) Then they asked me a lot of questions. I answered the questions.

(14) When I was finished, I had to go with Grandma.

(15) When I got to grandma's house I was crying super much.

(16) When the police came back they asked me some question to check if I said the same words, and I did.

(17) The next day, more policemen came and asked me a few more questions, some of them were hard to answer, but I answered the other questions.

(18) Some of the questions were…Where was your dad? Did you see the whole thing… Did your daddy kill your Mom?

(19) My dad was not at home when my mother died.

(20) I was upstairs waiting for hours for him to come home.

Affidavit sayeth further not.

*Emily Elizabeth Norman*

Emily Elizabeth Norman

State of Texas

County of Harris

Signed under oath before me on ___July 3, 2015___ by ___Emily Elizabeth Norman___

Respondent, personally known to me and/for identified by ___Birth Certificate & Witness___

*Veronica J. Scrimshaw*

Notary Public, State of Texas

VERONICA J. SCRIMSHAW
Notary Public, State of Texas
My Commission Expires
December 12, 2015

Anthony Norman
# 1718789 / WYNNE
810 FM 2821
Huntsville, Tx 77349

Hon. Justice Bert Richardson
Texas Court of Criminal Appeals
P.O. Box 12308
Austin, Tx 78711-2308

08/25/2015

Re: WR-76,389-08  11.07 Writ of Habeas Corpus

Dear Justice Richardson

Today I received a white card indicating the T.C.C.A will not conduct a hearing in my case, The white card states the ruling is based on the trial court's finding of facts. However in my case no facts related to my claims were adduced by the trial court. The trial court simply adopted a one sentence general denial from the District Attorney's Office asserting that even if my claims were true that I would not be entitled to relief. That is a very wild statement considering (101) claims were raised including (83) claims of Ineffective Assistance of Counsel (most involving failure to object to closing argument that was clearly outside of the trial record, (3) Blady Violation where Exculpatory information was hidden/suppressed, (1) claim of ACTUAL INNOCENCE, (1) NO EVIDENCE CLAIM, (2) INCURABLE ARGUMENT CLAIMS,

1 of 4

(4) Prosecutorial Misconduct claims, (3) Judicial Violation claims, etc.... The fact that a hearing was never conducted to even have my trial, or appellate attorneys comments on why they did, or did not do what they were legally required to do rings of a failure to actually consider the merits of the case at all. At the very least my ACTUAL INNOCENCE CLAIM should have been afforded a fair hearing since I have provided the affidavits multiple times to the District Court, and T.C.C.A.

All that being said I am disappointed in the handling of this case, and would humbly request you, or other members of the T.C.C.A. provide for a re-hearing. Most if not all of the challenged statements are in the application it self. I feel I have not been given a legitimate review by the Court. Adopting the opinion of a Judge whose conduct is the very thing that is being challenged with out ANY meaningful input or statements is not a review.

Texas Rules of Civil Procedure Rule 216 provided for Judge Bradley independently to stop the misconduct which accured all through my trial and especially during closing arguments. Per T.R.A.P Rule(s) 79.1, 79.2 I am aware I can not ask for a re-hearing directly, but I think given

the circumstances, and the overwhelming amount of evidence that it is appropriate. That being the case I am asking for your oversight in this matter. From my reading a member of the Court can request a re-hearing, People in this state should not be convicted for crimes which did not occur, nor which they could not have possibly committed. I don't have an invisible car that drives 650 Mph. People in this State should not be Bullied into submission just because they have friends in the District Attorney's Office. Right is Right, and Wrong is Wrong.

Thank you,

Anthony N

Anthony Norman

P.S. It is really a shame to me that when a person is really innocent certain groups try to protect themselves by attempting to high jack the judicial process. The attorneys in this case don't even work for the D.A.'s office any more. They don't even appear to be practicing Law. There is overwhelming evidence of my innocence. This is not even a close case. I have a family, kids, and a life I would like to get back to before it is gone. 6 years have already been taken for nothing.

By the way:

In the context of a ruling it is not clear who made it, or signed off. I am sure they were aware there is a pending cause of action in the United States Supreme Court challenging Brooks v. State, 323 S.W. 3d 893 naming Sharon Keller as the respondent; Anthony Whitney Norman v. Texas Court of Criminal Appeals, ETAL from USDC 4:14-cv-741, It appears the S.Ct. is preparing to grant certiofia. The fact that the T.C.C.A has passed on yet another opportunity to restore a criminal defendant's right to appellate review via Factual Review is wrong. This 11.07 raised the issue again, and is exactly the type of case the law, and the constitution were created to address.

I will not stop untill I get a fair review of this case. It Would appear the T.C.C.A. is trying to bury any and all issues raised in this case under a deep rock in a hole out of sight The case had been sitting in Austin since 4/23/2015, and was decided by refusing to decide 08/19/2015.

# AFFIDAVIT OF FACT

I, Emily Elizabeth Norman, do hereby make the following statements under penalty of perjury.

(1) On the weekend of 11/28/2008 I was at home with my mother, Leydis Viche' Hernández, and my new baby brother, John Anthony Norman.

(2) My father, Anthony Whitney Norman, had left home on Friday afternoon, 11/28/2008, with my other brother, Michael Antonio Norman.

(3) I believe they went to Dallas.

(4) Over the weekend, I went for walks with my mother and watched her speak to the neighbors across the street.

(5) At night on Sunday through Monday, my mother told me to take a nap for a few hours. Later I heard a loud noise. I was upstairs.

(6) I came down stairs to see what was happening. Then, I saw Mommy on the floor dead and a gun.

(7) My daddy was not at home, and I ran upstairs and hid in my mommy's and daddy's bed.

(8) When my daddy came back, he called me to come to him, so I did.

(9) My daddy called the police, and when they came, they asked me a bunch of questions.

(10) Then I had to get in the ambulance.

(11) Then I rode back to my Grandmother's house.

(12) Then my cousin came and a policeman came, then the policeman took me and my brother, Michael to CPS along with my cousin.

(13) Then they asked me a lot of questions. I answered the questions.

(14) When I was finished, I had to go with Grandma.

(15) When I got to grandma's house I was crying super much.

(16) When the police came back they asked me some question to check if I said the same words, and I did.

(17) The next day, more policemen came and asked me a few more questions, some of them were hard to answer, but I answered the other questions.

(18) Some of the questions were...Where was your dad? Did you see the whole thing... Did your daddy kill your Mom?

(19) My dad was not at home when my mother died.

(20) I was upstairs waiting for hours for him to come home.

Affidavit sayeth further not.

*Emily Elizabeth Norman*

Emily Elizabeth Norman

State of Texas

County of Harris

Signed under oath before me on _July 3, 2015_ by _Emily Elizabeth Norman_

Respondent, personally known to me and/for identified by _Birth Certificate & Witness_

*Veronica J. Scrimshaw*

Notary Public, State of Texas



VERONICA J. SCRIMSHAW
Notary Public, State of Texas
My Commission Expires
December 12, 2015

Anthony Norman
# 1718789 / WYNNE
810 FM 2821
Huntsville, TX 77349

Hon. Justice Kevin Yeary
Texas Court of Criminal Appeals
P.O. Box 12308
Austin, TX 78711-2308

RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 08 2015
Abel Acosta, Clerk

08/25/2015

Re: WR-76,389-08  11.07 Writ of Habeas Corpus

Dear Justice Yeary

   Today I received a white card indicating the T.C.C.A will not conduct a hearing in my case. The white card states the ruling is based on the trial court's finding of facts. However in my case no facts related to my claims were adduced by the trial court. The trial court simply adopted a one sentence general denial from the District Attorney's office asserting that even if my claims were true that I would not be entitled to relief. That is a very wild statement considering (101) claims were raised including (83) claims of Ineffective Assistance of Counsel (most involving failure to object to closing argument that was clearly outside of the trial record, (3) Brady Violations where Exculpatory information was hidden/suppressed, (1) claim of ACTUAL INNOCENCE, (1) NO EVIDENCE CLAIM, (2) INCURABLE ARGUMENT CLAIMS,

(4) Prosecutorial Misconduct Claims, (3) Judicial Violation Claims, etc.... The fact that a hearing was never conducted to even have my trial, or appellate attorney's comments on why they did or did not do what they were legally required to do rings of a failure to actually consider the merits of the case at all. At the very least my ACTUAL INNOCENCE CLAIM should have been afforded a fair hearing since I have provided the affidavits multiple times to the District Court, and T.C.C.A.

All that being said I am disappointed in the handling of this case, and would humbly request you, or other members of the T.C.C.A provide for a re-hearing. Most if not all of the challenged statements are in the application itself. I feel I have not been given a legitimate review by the Court. Adopting the opinion of a Judge whose conduct is the very thing that is being challenged with out ANY meaningful input or statements is not a review.

Texas Rules of Civil Procedure Rule 216 provided for Judge Bradley independently to stop the misconduct which occured all through my trial and especially during closing arguments. Per T.R.A.P Rule(s) 79.1, 79.2 I am aware I can not ask for a re-hearing directly, but I think given

2 of 4

the circumstances, and the overwhelming amount of evidence that it is appropriate. That being the case I am asking for your oversight in this matter. From my reading a member of the Court can request a rehearing. People in this state should not be convicted for crimes which did not occur, nor which they could not have possibly committed. I don't have an invisible car that drives 650 Mph. People in this State should not be Bullied into submission just because they have friends in the District Attorneys office Right is Right, and Wrong is Wrong.

Thank you,

Anthony N

Anthony Norman

D.S It is really a shame to me that when a person is really innocent certain groups try to protect themselves by attempting to highjack the judicial process. The attorneys in this case dont even work for the D.A.'s office any more. They dont even appear to be practicing Law. There is overwhelming evidence of my innocence. This is not even a close case. I have a family, kids, and a life I would like to get back to before it is gone 6 years have already been taken for nothing

By the way:

In the context of a ruling it is not clear who made it, or signed off. I am sure they were aware there is a pending cause of action in the United States Supreme Court challenging Brooks v. State, 323 S.W. 3d 893 naming Sharon Keller as the respondent Anthony Whitney Norman v. Texas Court of Criminal Appeals, ETAL from USDC 4:14-cv-74. It appears the S.Ct is preparing to grant certioria. The fact that the T.C.C.A. has passed on yet another opportunity to restore a criminal defendant's right to appellate review via Factual Review is wrong. This 11.07 raised the issue again, and is exactly the type of case the law, and the constitution were created to address.

I will not stop untill I get a fair review of this case. It would appear the T.C.C.A. is trying to bury any and all issues raised in this case under a deep rock in a hole out of sight The case had been sitting in Austin since 4/23/2015 and was decided by refusing to decide 08/19/2015.

# AFFIDAVIT OF FACT

I, Emily Elizabeth Norman, do hereby make the following statements under penalty of perjury.

(1) On the weekend of 11/28/2008 I was at home with my mother, Leydis Viche' Hernández, and my new baby brother, John Anthony Norman.

(2) My father, Anthony Whitney Norman, had left home on Friday afternoon, 11/28/2008, with my other brother, Michael Antonio Norman.

(3) I believe they went to Dallas.

(4) Over the weekend, I went for walks with my mother and watched her speak to the neighbors across the street.

(5) At night on Sunday through Monday, my mother told me to take a nap for a few hours. Later I heard a loud noise. I was upstairs.

(6) I came down stairs to see what was happening. Then, I saw Mommy on the floor dead and a gun.

(7) My daddy was not at home, and I ran upstairs and hid in my mommy's and daddy's bed.

(8) When my daddy came back, he called me to come to him, so I did.

(9) My daddy called the police, and when they came, they asked me a bunch of questions.

(10) Then I had to get in the ambulance.

(11) Then I rode back to my Grandmother's house.

(12) Then my cousin came and a policeman came, then the policeman took me and my brother, Michael to CPS along with my cousin.

(13) Then they asked me a lot of questions. I answered the questions.

(14) When I was finished, I had to go with Grandma.

(15) When I got to grandma's house I was crying super much.

(16) When the police came back they asked me some question to check if I said the same words, and I did.

(17)  The next day, more policemen came and asked me a few more questions, some of them were hard to answer, but I answered the other questions.

(18)  Some of the questions were…Where was your dad?  Did you see the whole thing… Did your daddy kill your Mom?

(19)  My dad was not at home when my mother died.

(20)  I was upstairs waiting for hours for him to come home.

Affidavit sayeth further not.

*Emily Elizabeth Norman*

Emily Elizabeth Norman

State of Texas

County of Harris

Signed under oath before me on ___July 3, 2015___ by ___Emily Elizabeth Norman___

Respondent, personally known to me and/for identified by Birth Certificate & Witness

*Veronica J. Scrimshaw*

Notary Public, State of Texas

VERONICA J. SCRIMSHAW
Notary Public, State of Texas
My Commission Expires
December 12, 2015